## BALDWIN v. DAVIS ET AL.

1. **Contract of Settlement**: BARS ALL RIGHTS OF ACTION INCLUDED. A settlement between parties is conclusive upon them as to all rights of action covered by the settlement.

2. **Practice in Supreme Court**: TRIAL DE NOVO: PRESUMPTION. Where the issues are equitable, this court will presume, unless the contrary is shown, that the case was tried by the lower court as an equitable action and will try the case anew, provided the record is sufficiently certified. In such case, a bill of exceptions is not necessary.

*Appeal from Hardin Circuit Court.*

THURSDAY, APRIL 10.

THE plaintiff sold the defendant certain real estate, and gave him a bond to convey the same when the purchase money was paid. This action was brought to foreclose the bond, and N. O. Michaels was made a defendant. The defendant, Davis, filed a cross petition against his co-defendant, Michaels. As to the controversy between the defendants, the court found for and entered a decree in favor of Davis, from which the defendant, Michaels, appealed.

*B. L. Burritt* and *J. H. Bradley*, for appellant.

*S. M. Weaver*, for appellee.

SEEVERS, J.—The controversy on this appeal is solely between the defendants. After the plaintiff executed the bond for a deed to the defendant, Davis, the latter conveyed the real estate to the defendant, Michaels. This conveyance was absolute on its face, but Davis alleges, and there is evidence tending to show, that it was in fact a mortgage to secure a note for $385, given by Davis to Michaels. This conveyance was executed, as we understand, in January, 1881.

Davis and his son, in January, 1881, executed a chattel

mortgage to Michaels on a large amount of personal property to secure certain indebtedness from them to him. There were law suits pending between the defendants in September, 1881, growing out of certain transactions between them. At that time there was an agreement in writing made between them, which, so far as the real estate in controversy is concerned, amounts to an absolute conveyance thereof by Davis to Michaels It also recites the fact that the land had been theretofore conveyed, and the deed is declared to be valid and in full force. The agreement further provides that any right of action theretofore existing in favor of Davis against Michaels is released.

On its face the agreement appears to be a settlement and adjustment of all matters in controversy between the parties. Now, conceding that the conveyance made in January, 1881, was a mortgage, which under the evidence we regard as doubtful, this in and of itself will not have the effect to avoid the settlement or conveyance made in September, 1881. There is no evidence tending to show that this last contract or conveyance was a mortgage. It is not claimed that it was procured by fraud, or that any undue advantage was taken in procuring it of Davis.

We feel constrained to hold that, whatever may have been the character of the first conveyance, there is no sufficient evidence that the last is a mortgage. The agreement or conveyance made in September, 1881,—and it may well be regarded as both,—must, we think, have the effect of a settlement of the question as to the first conveyance being a mortgage. If Davis had the right to so insist, he expressly abandoned or waived such right.

The issues in this case are equitable, and it will be presumed that it was tried as an equitable action in the circuit court, unless the record otherwise shows. No bill of exceptions, therefore, is required in order that there may be a trial anew in this court. The abstract states that all the evidence offered and introduced on the trial is contained therein. This

is signed by the trial judge, and, in the absence of any counter showing in an amended abstract, entitles the parties to a trial anew in this court. This cause is remanded to the circuit court, with directions to enter a decree in accordance with this opinion.

REVERSED.